```
 1 │ KEVIN V. RYAN, CSBN 118321
   │ United States Attorney
 2 │ JOANN M. SWANSON, CSBN 88143
   │ Chief, Civil Division
 3 │ KATHERINE B. DOWLING, CSBN 220767
   │ Assistant United States Attorney
 4 │
   │   450 Golden Gate Avenue, 9th Floor
 5 │   Box 36055
   │   San Francisco, California 94102
 6 │   Telephone: (415) 436-6833
   │   Facsimile:  (415) 436-7169
 7 │
   │ Attorneys for Defendant
 8 │
   │                    UNITED STATES DISTRICT COURT
 9 │
   │                   NORTHERN DISTRICT OF CALIFORNIA
10 │
   │                         SAN FRANCISCO DIVISION
11 │
   │ BILL LEWIS,                      )  No. 06-2315 CRB (JCS)
12 │                                  )
   │              Plaintiff,          )
13 │                                  )  STIPULATION AND ORDER
   │     v.                           )  APPROVING COMPROMISE
14 │                                  )  SETTLEMENT
   │                                  )
15 │ JOHN E. POTTER                   )
   │                                  )
16 │              Defendant.          )
   │ _____ )
17 │
```

IT IS HEREBY STIPULATED by and between Bill Lewis, plaintiff, and John E. Potter, defendant, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth in this settlement agreement ("Agreement"):

2. Defendant will pay to the plaintiff the sum of Five Thousand Dollars and no cents ($5,000.00) within six weeks from the date of this agreement, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature, arising from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiff or his heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against defendant, its agents, servants, and employees.

3. Plaintiff and his heirs, executors, administrators or assigns hereby agree (1) to accept the

SETTLEMENT AGREEMENT
No. 06-2315 CRB (JCS)                             1

sum of Five Thousand Dollars and no cents ($5,000.00), in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature, arising from the same subject matter that gave rise to the above-captioned lawsuit, (2) to retire from the United States Postal Service on or before December 31, 2006 and, (3) to not seek future employment of any kind from the postal service or any independent contractor for the postal service.

    4. This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of defendant, its agents, servants, or employees, and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

    5. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the agreement.

    6. It is also agreed, by and among the parties, that the settlement amount of Five Thousand Dollars and no cents ($5,000.00) represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses.

    7. As Plaintiff was pro per, attorneys' fees will not be an issue in this settlement agreement.

    8. Payment of the settlement amount will be made by a check from the United States Postal Service for Five Thousand Dollars and no cents ($5,000.00) and made payable to Bill Lewis, plaintiff.

    9. In consideration of this Agreement, plaintiff Bill Lewis agrees he will stipulate to dismissal with prejudice of Case No. 06-2315 CRB (JCS), <u>Bill Lewis v. John E. Potter</u>.

    10. Plaintiff hereby releases and forever discharges defendant and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

    11. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. For and in consideration of the Agreement of plaintiff Bill Lewis to accept from defendant Five Thousand Dollars and no cents ($5,000.00) in full settlement of all of his claims against defendant relating to the complaint filed by plaintiff and any other complaints filed as of this date including any and all active and/or pending grievances, and further, for and in consideration of Bill Lewis' agreement to execute a dismissal with prejudice of his claims in the above-entitled action, defendant hereby releases and discharges Bill Lewis, from any and all current or future claims for contribution or indemnity arising out of the above-described settlement paid by defendant to plaintiff Bill Lewis.

//
//
//
//
//
//
//
//
//
//
//
//
//

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

Dated: 10/5/06

BILL LEWIS
Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: 10/3/06

KATHERINE B. DOWLING
Assistant United States Attorney
Attorneys for Defendant

APPROVED AND SO ORDERED:

Dated: October 10, 2006

HON. CHARLES R. BREYER
United States District Court Judge

SETTLEMENT AGREEMENT
No. 06-2315 CRB (JCS)            4